IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03168-GPG


EDWIN MARK ACKERMAN,

     Applicant,

v.

WARDEN ZUPAN, and
UNITED STATES ARMY,

     Respondents.

---

## ORDER OF DISMISSAL

---

     Applicant Edwin Mark Ackerman is in the custody of the Colorado Department of

Corrections at the Colorado Territorial Correctional Facility in Cañon City, Colorado.

Applicant, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241.  On December 8, 2014, Magistrate Judge

Gordon P. Gallagher entered an Order to Show Cause and directed Applicant to

respond and state why this action should not be dismissed as successive because the

Application contains only claims that could have been raised in an earlier action.

Applicant also was directed to demonstrate cause and any resulting prejudice for the

default or in the alternative show a fundamental miscarriage of justice if the claims are

not addressed.  Applicant filed a Response on December 17, 2014.

     The Court must construe the Application liberally because Applicant is a *pro se*

litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's

advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will

deny the Application and dismiss the action as successive.

In the Order to Show Cause, Magistrate Judge Gallagher noted the background

of Applicant's criminal and civil proceedings as they may relate to the detainer issue.

Magistrate Judge Gallagher stated as follows:

> In 1995, Applicant pled guilty in court-martial proceedings to rape
> and larceny in violation of Articles 120 and 121 of the Uniform Code of
> Military Justice, see 10 U.S.C.§§ 920, 921, and was sentenced, in part, to
> life imprisonment.  See Ackerman v. Davis, et al. No. 13-cv-03487-RM,
> ECF No. 17-2 (D. Colo. July 7, 2014).  On September 19, 1995, the
> Department of the Army entered a General Court-Martial Order, which
> provided that the court-martial sentence of confinement beyond
> twenty-seven years was suspended.  *Id.*  The General Court-Martial Order
> further provided that the sentence of confinement is "postponed" and will
> not begin until Applicant "has been permanently released to the armed
> forces."  *Id.*  The confinement was postponed so that Applicant could be
> prosecuted by the State of Colorado in separate criminal proceedings.  *Id.*,
> ECF No. 17-3 at 2.  On September 29, 1995, Applicant pled guilty to
> second-degree kidnapping and was sentenced in Case No. 94cr3662 in El
> Paso County, Colorado, to thirty-five years' imprisonment in the DOC.  *Id.*,
> ECF No. 1 at 2; ECF No. 17-1.  Applicant has a mandatory release date of
> April 21, 2026, in his State of Colorado conviction.  *Id.*, ECF No. 17-1.
>
> On October 26, 1995, the Army lodged a detainer with the DOC,
> requesting notification by the DOC to either the Fort Carson Regional
> Corrections Facility, the U.S. Army Personnel Control Facility, or the U.S.
> Disciplinary Barracks before releasing Applicant from civilian confinement
> so that he could be returned to military jurisdiction.  *Id.*, ECF No. 17-3 at 2.
>
> Applicant filed a § 2241 application in this Court, see *Ackerman*,
> No. 13-cv-03487-RM (noted above), and raised three claims that
> challenge the Army's detainer.  The court in Case No. 13-cv-03487-RM
> found both the detainer and deprivation of parole due to the detainer
> lawful and the sentencing arrangement between the Army and the State of
> Colorado a matter of comity, which does not violate constitutional law.
> *Ackerman*, No. 13-cv-03487-RM, ECF No. 20 at 4-5 and 7-8.  The § 2241
> application was dismissed on the merits with prejudice.  *Id.* at 7.

2

In this action, Applicant raises four claims regarding the Army's detainer.  First, Applicant contends that, even though the State sentence is consecutive, because he is held in the State's custody the military sentence is concurrent to the State sentence and the detainer should be rescinded.  Second, Applicant asserts he should be released with a certificate of discharge because he has served his military sentence.  Third, Applicant contends that, under "858. Art. 58 Execution of Sentence," because he can be confined in any prison to serve his military sentence, the time he is incarcerated in the State prison should be counted toward his military sentence.  Finally, Applicant contends his military sentence cannot be consecutive to his State sentence because he was not convicted in State court until after his military conviction.

Civil Action No. 14-cv-03168, ECF No. 5 at 1-3.

In the Response, Applicant asserts that this "motion" is a "continuation," apparently of his first § 2241 action, challenging the 1995 detainer, but the claims he asserts in this action are more in depth but not new.  *Id.* ECF No. 6 at 2.  Applicant further asserts that his first two claims are the same as the claims he raised in Civil Action 13-cv-03487-RM, but he is asking for "reconsideration" by the Court of these claims.  *Id.* Applicant also contends that by definition it is impossible for his military sentence to be consecutive to his state conviction because he was convicted in his military sentence prior to his state conviction.  *Id.* at 2.  Applicant concludes that his constitutional rights have been violated and he has suffered a miscarriage of justice because the State of Colorado continues to acknowledge the military detainer even though his military sentence should have been served prior to the state sentence. Applicant asks that the detainer either be "enacted" or rescinded.  *Id.* at 2.

Upon review of all four claims and the Response, the Court finds Applicant's only complaint is the sequence in which he is serving his state and military sentences and the affect his detainer has on the execution of his state sentence.  Furthermore,

Applicant essentially has restated the same arguments in this case that he raised in

Case No. 13-cv-03487-RM in his reply, ECF No. 18.  These, claims were found to be

meritless in Case No. 13-cv-03487-RM.  Relying on *Muhammed v. United States*, 953

F.2d 1391 (10th Cir. 1992), and *Hernandez United States Att'y Gen.*, 689 F.2d 915, 917

(10th Cir. 1982), the Court found in Case No. 13-cv-03487-RM that the federal

government and the State, are free to determine which sentence is to be served first as

long as the sentences are not served in a piecemeal fashion, and a person violating

both federal and state statutes is not able to challenge the sequence of his

punishments.  Applicant, therefore, has not asserted new claims and this action is

properly dismissed as successive.  28 U.S.C. § 2244(b); *Shirley v. Davis*, 521 F. App'x

647, 649 (10th Cir. 2013) (finding a state habeas petitioner is not required to obtain

authorization from the Tenth Circuit for review of a successive claim that was presented

in a prior § 2241) (citing *Stanko v. Davis*, 617 F.3d 1262, 1269 n. 5 (10th Cir. 2010).

Even if the Court were to find Applicant's claims are new he has failed to

demonstrate cause and prejudice or a fundamental miscarriage of justice as to why he

was not able to raise the claims in Case No. 13-cv-03487-RM.  *Id.*  Applicant's only

claims of a fundamental miscarriage of justice is that he is being forced to serve his

state sentence before his military sentence, and he has been subject to a detainer that

was entered by the Army in 1995.

Because it has been determined that Applicant does not have a right to have his

sentences served in any certain sequence he is not subjected to a fundamental

miscarriage of justice in having to serve his state sentence first.  Furthermore, as

addressed in Case No. 13-cv-03487-RM, the presence of a detainer alone does not

4

impinge on Applicant's constitutional rights because he does not have a right to be under a certain sovereign's custody, *Wall v. Hudspeth*, 108 F.2d 865, 866 ( 10th Cir. 1940); *Mingo v. United States*, 350 F.2d 213 (10th Cir. 1965), or to be placed on parole, *Carson v. Exec. Director, Dep't of Parole*, 292 F.2d 468, 469 (10th Cir. 1961).

The Court notes that since this is Applicant's second § 2241 habeas action challenging the same detainer and consecutive military and state sentences, and the claims he raises in this Application are repetitive of the ones he raised in Case No. 13-cv-03487-RM, which were found to be meritless, any future actions filed by Applicant setting forth filings on the same meritless issues may result in an order requiring him to show cause why this Court should not summarily dismiss such an action and impose sanctions. *See Andrews v. Heaton*, 483 F.3d 1070, 1077-78 (10th Cir. 2007). The Court also may limit Applicant's ability to proceed *in forma pauperis* in the future, regardless of his financial ability to pay such costs and fees, based on his history of filing frivolous petitions. *See In re McDonald,* 489 U.S. 180, 183-85 (1989) (limiting petitioner from proceeding *in forma pauperis* in future petitions for extraordinary writs based on petitioner's abuse of judicial resources). The Court is not prohibited from summary dispositions and limitations on frivolous or abusive filings against a *pro se* litigant. *See Haworth v. Royal,* 347 F.3d 1189, 1192 (10th Cir. 2003) (citing *Stafford v. United States*, 208 F.3d 1177, 1178-79 (10th Cir. 2000)).

The Court also notes that this is not the first time that Applicant has been warned about possible sanctions for filing frivolous and abusive filings. *See Ackerman v. Miilyard, et al.*, No. 10-cv-01708-ZLW, ECF No. 15 (D. Colo. Aug. 25, 2010)

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed with prejudice as successive and an abuse of the writ.  It is

FURTHER ORDERED that because in part Applicant is challenging the execution of his state sentence the Court must address a Certificate of Appealability, which the Court will not issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTH ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   2nd   day of     February     , 2015.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court